IN RE: Gerald Carl LIBERACE Former Magisterial District Judge Thirty–Second Judicial District Delaware County

No. 2 JD 11

Court of Judicial Discipline of Pennsylvania.

August 8, 2014

Hon. Robert A. Graci, Chief Counsel, James P. Kleman, Jr., Deputy Counsel, Arthur Thomas Donato, Esquire, Media, PA, James C. Schwartzman, Esquire, Philadelphia, PA, Counsel for Respondent.

BEFORE: Honorable Charles A. Clement, Jr., P.J., Honorable John R. Cellucci, Honorable Timothy F. McCune, Honorable Robert J. Colville, Honorable Carmella Mullen, Honorable Jack A. Panella, Honorable John J. Soroko

## OPINION AND ORDER

### PRESIDENT JUDGE CLEMENT

#### *FACTUAL BACKGROUND*

The Judicial Conduct Board filed a Complaint with this Court against Magisterial District Judge Gerald Carl Liberace, charging Mr. Liberace with violating Article V, § 18(d)(1) of the Pennsylvania Constitution by engaging in conduct which brings the judicial office into disrepute.

The relevant facts as stated by the Superior Court of Pennsylvania in its consideration of Mr. Liberace's criminal appeal are as follows:

In 2010, Appellant [Mr. Liberace] was tried on charges arising from an incident in August of 2004. Appellant's stepdaughter, L.H., asserted that on that night in 2004, when she was twelve years of age, she went into Appellant's room because she was upset that her

mother was away (apparently for the first time in L.H.'s life), and she could not sleep. As had happened before, Appellant began to rub her back. This time, however, he also rubbed her buttocks and vaginal area. Later, at trial, L.H. testified that she had complained to her mother about Appellant's actions, but that her mother had been unresponsive. Subsequently, Appellant and L.H.'s mother separated. L.H. and her mother moved into an apartment of their own.[1] In 2007, L.H. reported the August, 2004 incident to her therapist, Sherry Young, after several months of therapy. The therapist reported the incident to law enforcement which began an investigation.[2] As part of the investigation, L.H. made three telephone calls to Appellant, which were intercepted by wiretap. In the course of these conversations Appellant apologized for "inappropriate touching." Agents from the Attorney General's office later interviewed Appellant, who at first denied everything. When confronted with the existence of the tape recordings, he claimed he was being facetious about the inappropriate touching, and further claimed that anything can be considered inappropriate if studied enough.

At trial, the defense sought to prove that the charges were a fabrication by L.H., claiming she sought revenge for Appellant's perceived abandonment of her after he separated from her mother and they had to leave his home to live on their own. The defense introduced evidence of birthday and Father's Day cards after August 2004, in which L.H. wrote positively and lovingly about Appellant.

. . . .

The jury convicted Appellant of one count each of endangering the welfare of children and corruption of minors, as previously noted. On March 29, 2011, the trial court imposed an aggregate sentence of not less than six months' or more than twelve months' incarceration followed by an aggregate of two years' probation.

The sentence was upheld on appeal and throughout collateral attack. *See, Commonwealth v. Liberace*, 43 A.3d 516 (Pa.Super.2012) (unreported memorandum), *appeal denied*, 616 Pa. 644, 48 A.3d 1248 (2012).

## DISCUSSION

■ Mr. Liberace stands before this Court convicted of two first-degree misdemeanors involving the sexual touching of a child. These criminal convictions result from acts committed while Mr. Liberace was commissioned as a Magisterial District Judge. In order to find that a judge has brought the judiciary into disrepute, the evidence must establish: (1) the judicial officer has engaged in conduct so extreme that (2) it has resulted in bringing the judicial office into disrepute. *See, In re Smith*, 687 A.2d 1229, 1238 (Pa.Ct.Jud. Disc.1996). Disrepute is established by proof that an act or series of acts by a judge results in a decline in the esteem of the public for the judicial office. *Id.* at 1238.

The types of conduct this Court has held lower the esteem of the public for the judicial office are varied. *See, e.g., In re Singletary*, 61 A.3d 402, 412 (Pa.Ct.Jud.

---

1. L.H. later went to live with her biological father and his wife.

2. Since Appellant was a Magisterial District Judge, and L.H.'s natural father was a local police officer, the investigation was assigned to agents of the State Attorney General's Office and eventually referred to a statewide grand jury.

Disc.2012) (judge brought the judiciary into disrepute by showing photographs of his penis on his cell phone to unwitting female); *In re Alonge*, 3 A.3d 771 (Pa.Ct. Jud.Disc.2010) (judge's stalking-like activity towards young women brought the judiciary into disrepute).

 In *In re Cioppa*, 51 A.3d 923, 931 (Pa.Ct.Jud.Disc.2012), this Court found a former magisterial district judge to have brought the judiciary into disrepute by engaging in a "tawdry, coercive pursuit" of two unfortunate women who were litigants in his court. The judge was convicted of the misdemeanor offenses of official oppression and indecent assault for his behavior. *Id.* at 926. Similarly, *Alonge* and *Singletary* found disrepute based upon conduct of sexually-charged or motivated behavior by judges against persons who objected to the behavior. *See, Alonge*, 3 A.3d at 779; *see, also, Singletary*, 61 A.3d at 412. Comparing *Alonge, Singletary, Cioppa* and the facts here—a judicial officer convicted and imprisoned for endangering the welfare and corrupting the morals of his minor stepchild by sexually touching her—it is clear the conduct for which Mr. Liberace was convicted is extreme enough to bring the judicial office into disrepute.

 While the conduct here did not take place in a court office as in *Cioppa*, the publicity, or lack thereof, of the conduct at the time of its commission does not make the conduct any less disreputable because it was revealed only after a public trial and conviction. *See, e.g., id.* at 931. Indeed, this Court reviews allegations of disrepute "as if" the public knew about the conduct in question at the time that it was committed. *See, In re Berry*, 979 A.2d 991, 999–1000 (Pa.Ct.Jud.Disc.2009). Had the public known about Mr. Liberace's conduct when it happened in 2004, condemnation would have been as emphatic as

it was following his conviction and sentence. Therefore, when viewing the evidence in this case in light of the case law, Mr. Liberace is found to have violated Art. V, § 18(d)(1) of the Pennsylvania Constitution by bringing the judiciary into disrepute through the crimes he committed against his minor step-daughter.

## CONCLUSIONS OF LAW

1. The Court of Judicial Discipline finds that Mr. Liberace committed conduct which brings the judicial office into disrepute in violation of Article V, § 18(d)(1) of the Pennsylvania Constitution.

2. Mr. Liberace is subject to discipline under Article V, § 18(d)(1) of the Pennsylvania Constitution.

3. A sanction hearing is scheduled for September 29, 2014, at 10:00 a.m. in Commonwealth Court Courtroom 5001, Fifth Floor, Pennsylvania Judicial Center, 601 Commonwealth Avenue, Harrisburg, PA. The Judicial Conduct Board and the Respondent shall each file on or before September 15, 2014 a list of such witnesses as either party may intend to present for testimony at that hearing, and shall serve a copy of said list upon the other party.

## ORDER

AND NOW, this 8th day of October, 2014, it is ORDERED that Respondent, Gerald Carl Liberace, is hereby removed from office as a former Magisterial District Judge of Delaware County, Pennsylvania, and it is further ORDERED that said Respondent is hereafter prohibited from holding any judicial office in the Commonwealth of Pennsylvania.